UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 13-15047-BKC-RBR |
| GILBERT RICHARD ARMENTA, | CHAPTER 7 |
| Debtor. _____/ | |
| LESLIE S. OSBORNE, as Chapter 7 Trustee, | CASE NO. 13-61898-CIV-COHN (ADV. NO. 13-01482-BKC-RBR) |
| Plaintiff, | |
| v. | |
| DIANE COOK, an individual, EZRA GROUP HOLDINGS, S.A., a Panamanian corporation, MAXTON INTERNATIONAL CORPORATION, a Panamanian corporation, POAH ONE ACQUISITION HOLDINGS V LIMITED, a Cypriot limited liability company, and ANGEL L. SAAD, an individual, | |
| Defendants. _____/ | |

**ORDER REGARDING DEFENDANT ANGEL L. SAAD'S
MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT**

**THIS CAUSE** is before the Court on Defendant Angel L. Saad's Motion to Withdraw Reference to Bankruptcy Court [DE 1] ("Motion"). The Court has carefully considered the Motion, Plaintiff's Response [DE 2-8], and Defendant Saad's Reply [DE 2-9], in addition to the supporting record materials, and the Court is otherwise fully advised in the premises.

**I.   Background**

The Chapter 7 Trustee for Gilbert Richard Armenta (the "Debtor") filed this adversary proceeding on June 27, 2013. The Trustee contends that the Debtor was the sole owner of Defendant Ezra Group Holdings, S.A. ("Ezra") prior to March 5, 2013, the

Petition Date.  DE 2-3 ¶ 12.  The Trustee alleges that equity in Ezra is held in the form of bearer shares.  Id. ¶ 17.  The Trustee has taken the position that these bearer shares are property of the Debtor's estate, and seeks to recover those shares allegedly in the possession, custody, or control of the Defendants.  Id. ¶¶ 23-37.  The Trustee also alleges that Defendant Saad has wrongfully attempted to retain a 35% interest in Ezra (the "35% Stake").  Id. ¶¶ 19-21.  Saad disputes the Trustee's allegations and contends that he is the rightful owner of the 35% Stake.  DE 2-4 at 7.

Saad filed the instant Motion with the Bankruptcy Court on July 24, 2013.  The Motion was transmitted to and filed in this Court on August 30, 2013.  Saad moves to withdraw the reference of this action for all purposes.  DE 1 at 1, 9.  Saad contends that, because a dispute over ownership of the 35% Stake is the focus of the adversary proceeding, the Trustee's claims are not the proper subject of a turnover proceeding and are non-core claims for which this Court must enter any final judgment.  Id. at 6-7; see 28 U.S.C. § 157(c)(1).  Saad further argues that the Seventh Amendment to the United States Constitution entitles him to a jury trial of this dispute [DE 1 at 8-9], and he has demanded a jury trial in his Answer [DE 2-4 at 7].  See 28 U.S.C. § 157(e).

The Trustee counters that this adversary proceeding is one to determine the nature and extent of property of the estate, and is thus a core proceeding.  DE 2-8 at 3-4.  The Trustee also suggests that, because the adversary proceeding involves core claims typically resolved through the historically equitable bankruptcy process, Saad is not entitled to a jury trial.  Id. at 5-7.  The Trustee thus concludes that withdrawal of the reference is inappropriate.

**II. Discussion**

A district court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court] . . . for cause shown." 28 U.S.C. § 157(d). In determining whether cause exists, a district court should consider goals such as: (1) uniformity in bankruptcy administration; (2) decreasing forum shopping; (3) efficient use of resources of the courts and the parties; and (4) the avoidance of delay. Dionne v. Simmons (In re Simmons), 200 F.3d 738, 742 (11th Cir. 2000); Holmes v. Grubman, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004). The district court should also examine whether a jury demand has been made and whether the claims are core or non-core. Holmes, 315 F. Supp. 2d at 1381.

The interests of efficiency and uniformity weigh in favor of denying Saad's motion to withdraw the reference, notwithstanding his demand for a jury trial. Although a demand for a jury trial in a non-core case can justify withdrawal of the reference, such a demand may be insufficient to constitute "cause shown" for purposes of 28 U.S.C. § 157(d) at the early stages of a proceeding. Osborne v. Kadoch (In re Aurora Capital, Inc.), No. 12-61421-CIV-MARRA, 2013 U.S. Dist. LEXIS 70437, at *5-6 (S.D. Fla. May 17, 2013). Allowing a bankruptcy court to shepherd a case through its pretrial stages, including the resolution of dispositive issues, "is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible." In re Dreis & Krump Mfg. Co., No. 94 C 4281, 1995 U.S. Dist. LEXIS 1099, at *9 (N.D. Ill. Jan. 30, 1995).

The Bankruptcy Court is already familiar with this adversary proceeding and the bankruptcy case to which it relates, and is well capable of supervising discovery and

other pretrial matters.  Moreover, the adversary proceeding is in its early stages, having been filed just over two months ago and with a motion to dismiss currently pending before the Bankruptcy Court.  Therefore, the Court finds that withdrawal of the reference for trial is presently premature, and will be appropriate only if and when this adversary proceeding becomes ready for a jury trial.  See Official Comm. of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.), 13 F.3d 122, 128 (4th Cir. 1993) (holding that whether to refer proceeding for pretrial purposes is pragmatic decision left to district court); Siegel v. FDIC (In re IndyMac Bancorp Inc.), CV 11-03969-RGK, 2011 U.S. Dist. LEXIS 78418, at *15-17 (C.D. Cal. July 15, 2011) (finding bankruptcy court appropriate forum for non-core proceeding because of its familiarity with facts of case).  Nevertheless, in view of the lingering uncertainty regarding the application of Stern v. Marshall, 131 S. Ct. 2594 (2011), this Court requests that the Bankruptcy Court issue a report and recommendation on any dispositive pretrial motions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Saad's Motion to Withdraw Reference to Bankruptcy Court [DE 1] is **DENIED without prejudice**.  If and when this adversary proceeding requires a jury trial, any party may renew the motion to withdraw the reference.
2. All pretrial matters, including dispositive motions, are **REFERRED** to United States Bankruptcy Judge Raymond B. Ray.  The Court requests, however, that the Bankruptcy Court issue a report and recommendation on any dispositive pretrial motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 6th day of September, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
United States Bankruptcy Judge Raymond B. Ray
Counsel of record via CM/ECF